IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-605-MOC-DCK

| | |
|---|---|
| YAN DONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BASF CORPORATION and ) | |
| JONATHAN ANTONUCCI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Production Of Documents" (Document No. 17) and "Defendants' Cross-Motion To Compel Discovery" (Document No. 23). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions in part, and deny the motions in part.

I.   BACKGROUND

*Pro se* Plaintiff Yan Dong ("Plaintiff" or "Dong") initiated this action with the filing of a "Complaint" (Document No. 1) against BASF Corporation ("BASF") and Jonathan Antonucci ("Antonucci") (together "Defendants") on November 30, 2012. Plaintiff alleges that Defendants are liable for violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and "for tortious interference with advantageous relationship." (Document No. 1, pp.1, 5).

"Plaintiff's Motion To Compel Production Of Documents" (Document No. 17) was filed on January 8, 2013, and "Defendants' Cross-Motion To Compel Discovery" (Document No. 23)

was filed February 14, 2013. These motions have been fully briefed and are now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## III. DISCUSSION

### A. "Plaintiff's Motion To Compel…"

Plaintiff's motion requests the Court to compel Defendants' production of "the following eight documents," or categories of documents. (Document No. 17, p.1). Having carefully

2

reviewed the parties' briefs, the undersigned will list the documents requested by Plaintiff below, and briefly describe what, if any, action the Court will require.

1. **"GPP Gate-3 Review Presentation by Mr. Natesan Subu in 2009."**

Defendant asserts that this document has no relevant or probative value to Plaintiff's claims and is highly confidential. (Document No. 22, p.6). Pursuant to Fed.R.Civ.P. 26(c)(1)(G), "Defendants propose that Plaintiff be permitted to review this presentation at Defendant's counsel's office in Charlotte." Id.

Defendants' proposal seems reasonable; moreover, it does not appear that Plaintiff has articulated any objection to such review. (Document No. 28, pp.2-4). In fact, Plaintiff states that he "welcomes the opportunity to review the Documents." (Document No. 28, p.5).

Therefore, the parties shall make arrangements for Plaintiff to review the requested presentation on or before **April 10, 2013**. To the extent Plaintiff contends that this document/presentation must be made "available to the Court," his motion will be denied without prejudice.

2. **"The BASF Initial Invention Disclosure Form for GPP Filed by Plaintiff Yan Dong in 2009."**

Defendants assert that this document also lacks relevance or probative value. (Document No. 22, p.6). Defendants contend that Plaintiff already has this document because he produced it to the EEOC. Plaintiff re-asserts in his reply that he does *not* have this document. (Document No. 28, p.5).

The Court directs that Defendants provide a copy of this document to Plaintiff on or before **April 1, 2013**.

3. **"The entire presentation at Greenbay Packaging Inc. (a potential GPP customer) in Greenbay, WI, in December, 2009, presented by Dr. Mike Drewery along with Mr. James Duis."**

Defendants assert that this document has no relevant or probative value to Plaintiff's claims and is highly confidential. (Document No. 22, p.7). As with the first request, and again pursuant to Fed.R.Civ.P. 26(c)(1)(G), Defendants suggest that Plaintiff be permitted to review this presentation at Defendant's counsel's office in Charlotte. Id.

The Court again finds Defendants' proposal to be a satisfactory solution, at least at this stage. Therefore, the parties shall make arrangements for Plaintiff to review the requested presentation on or before **April 10, 2013**. To the extent Plaintiff contends that this document/presentation must be made "available to the Court," his motion will be denied without prejudice.

4. **"GPP Project Debriefing Minutes in 2010."**

Similar to the items above, Defendants contend that the minutes it has identified from 2010 are "highly confidential and proprietary information." (Document No. 22, pp.7-8). Pursuant to Fed.R.Civ.P. 26(c)(1)(G), Defendants suggest that inspection, rather than production, is appropriate.

As such, the Court directs that Plaintiff be allowed to inspect these documents on or before **April 10, 2013**.

5. **Complete collection of GPP Technical reports/communications/presentations by Defendant Jonathan Antonucci and Mr. Luis Varela, including but not limited to, presentations in R&D review meetings in 2006, 2007, 2008, 2009, and 2010 by either Defendant Jonathan Antonucci or Mr. Luis Varela.**

Defendants object to this request, in part because they contend it is not relevant to Plaintiff's claims, and because it is "extremely overbroad." (Document No. 22, p.8). Defendants contend, among other things, that the request seeks "documents regarding communications and presentations that took place years before Plaintiff even became a BASF employee." Id.

4

Plaintiff contends that all this information is "extremely relevant comparators data" and will show how Plaintiff's work compares to others, so he can demonstrate disparate treatment. (Document No. 28, p.7).

The undersigned is not convinced that the information requested here is relevant to Plaintiff's claims, which focus on Defendant Antonucci's discrimination against him, particularly where much of it pre-dates Plaintiff's employment with BASF. See (Document No. 1). This request will, therefore, be denied.

**6. "Complete BASF performance improvement program (PIP) policy/procedure."**

Defendants have responded that "BASF does not have a PIP policy. Thus, there are no documents responsive to this request to produce to Plaintiff." (Document No. 22, p.9).

Plaintiff asserts in his reply that "Defendants have also produced some PIP documents in response to Plaintiff's requests" and thus Defendants' response is contrary to their previous production to the EEOC. (Document No. 28, p.8) (citing Document No. 28-1).

After review of the exhibit cited by Plaintiff, the undersigned is unable to determine whether Defendant BASF has a performance improvement plan, program, policy, and/or procedure. See (Document No. 28-1, p.5). Defendants stated that there was "no purpose behind issuing written discipline or placing Dong on a performance improvement plan;" however, such statement does not *necessarily* contradict Defendants' position that BASF "does not have a PIP policy." Id. However, if it is true that Defendants have already produced some PIP documents and/or that there are BASF employees who have been placed on a PIP, then Defendants must supplement their response(s).

The Court directs that *if* Defendant BASF has a performance improvement plan, procedure, policy, or program, Defendants shall appropriately supplement their response to this request on or before **April 1, 2013**; otherwise this request is denied without prejudice.

7. **"Complete job performance reviews of all employees in PIP who held a similar position as Plaintiff, for at least two consecutive years prior to entering into [a] PIP."**

Defendants' response to this request seems to contradict their previous position:

> Defendants have already produced PIP and termination documents related to other former employees in the Charlotte location. There are no employees in the Charlotte location under Defendant Antonucci's supervision who held a similar position to Plaintiff who were placed on a PIP. Thus, there are no documents responsive to this request. There was one Research Scientist under Antonucci's supervision who was going to be placed on a PIP but resigned prior to implementation of the PIP. Defendant BASF will produce this former employee's performance reviews for the two (2) years prior to the employee's resignation pursuant to the Protective Order.

(Document No. 22, p.9). Here, in apparent contrast to Defendants' statement that "BASF does not have a PIP policy," Defendants acknowledge the production of PIP documents, and that sometimes employees are "placed on a PIP." Id.

Based on the foregoing, the Court directs Defendants to appropriately supplement their responses to requests 6 and 7. Defendants' failure to supplement their responses and to clarify their position that "BASF does not have a PIP policy" on or before **April 1, 2013**, may result in sanctions.

8. **"All communications between Defendant Jonathan Antonucci and Mr. Cheng-le Zhao, leading up to the termination decision of Plaintiff's job."**

Defendants contend that they have already advised Plaintiff that they "have not identified any communications responsive to this request," and thus "have no documents to produce." (Document No. 22, p.10). Plaintiff argues that Defendants have repeatedly stated that Cheng-Le

6

Zhao participated in the decision to terminate Plaintiff. (Document No. 28, p.9) (citing Document No. 28-1).

After review of Defendant BASF's "Respondents Statement Of Position" (Document No. 28-1), the undersigned understands why Plaintiff might expect there to be some "communications" involving Cheng-Le Zhao and/or Antonucci, related to his termination. As such, the Court directs Defendants to review their records and to supplement their response, and/or further explain the apparent lack of any such communications, on or before **April 1, 2013**.

**B. "Defendants' Cross-Motion To Compel…"**

Defendants' motion to compel requests that Plaintiff "be ordered to respond fully and completely to Defendants' First Set Of Requests for Production of Documents and First Set of Interrogatories, and be ordered to answer those questions which he declined to answer during his deposition." (Document No. 23, p.1). Specifically, Defendants state that Plaintiff has "objected, and provided no further response to 19 out of the 27 Document Requests, including Requests Nos. 1-6, 9-17, 19 and 25-27." (Document No. 24, p.4) (citing Document No. 25-5). Defendants also contend that Plaintiff's answers to their interrogatories are "woefully deficient." (Document No. 24, p.5) (citing Document Nos. 25-11 and 25-12). Finally, Defendants note that Plaintiff simply refused to answer several questions during his deposition which are relevant to his claims in this lawsuit. (Document No. 24, pp.7-8).

After careful review of the parties' briefs, including "Plaintiff's Opposition…" (Document No. 32) and Plaintiff's responses to Defendants' discovery requests (Document Nos. 25-5 and 25-12), the undersigned agrees that Plaintiff's responses are deficient. Plaintiff argues that he has produced numerous pages of documents (more than 250), but it is far from clear that the bulk of such production is relevant and/or responsive to the Defendants' specific requests.

The Court respectfully reminds Plaintiff that he brought this lawsuit, and advises that if he wishes to continue to pursue his claims he must participate fully in the discovery process. Plaintiff's continued failure to provide full and complete responses to discovery requests may lead to sanctions pursuant to Fed.R.Civ.P. 37 or 41, including the dismissal of this lawsuit.

Plaintiff is directed to supplement his responses to Defendants' First Set Of Requests for Production of Documents and First Set of Interrogatories on or before **April 1, 2013**. Moreover, Plaintiff shall make himself available for a continued deposition on or before **April 15, 2013**.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** "Plaintiff's Motion To Compel Production Of Documents" (Document No. 17) is **GRANTED in part**, **and DENIED in part** as more fully described herein.

**IT IS FURTHER ORDERED** that "Defendants' Cross-Motion To Compel Discovery" (Document No. 23) is **GRANTED**.

**SO ORDERED**.

Signed: March 19, 2013

David C. Keesler
United States Magistrate Judge