# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-605-MOC-DCK

| | |
|---|---|
| YAN DONG, | ) |
|       Plaintiff, | ) |
| v. | )   **ORDER** |
| BASF CORPORATION and JONATHAN ANTONUCCI, | ) |
|       Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Extension Of Time To Complete Discovery" (Document No. 37); "Plaintiff's Motion To Compel Defendants To Comply With This Court's March 19, 2013 Order" (Document No. 38); and "Plaintiff's Motion To Compel Defendants To Produce Documents Responsive To Plaintiff's Third Document Production Request" (Document No. 46). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>deny</u> Plaintiff's motions.

## I.     BACKGROUND

*Pro se* Plaintiff Yan Dong ("Plaintiff" or "Dong") initiated this action with the filing of a "Complaint" (Document No. 1) against BASF Corporation ("BASF") and Jonathan Antonucci ("Antonucci") (together "Defendants") on November 30, 2012. Plaintiff alleges that Defendants are liable for violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and "for tortious interference with advantageous relationship." (Document No. 1, pp.1, 5).

"Plaintiff's Motion For Extension Of Time To Complete Discovery" (Document No. 37) was filed on April 1, 2013, and "Plaintiff's Motion To Compel Defendants To Comply With This Court's March 19, 2013 Order" (Document No. 38) was filed on April 10, 2013. These motions have been fully briefed and are now ripe for disposition. "Plaintiff's Motion To Compel Defendants To Produce Documents Responsive To Plaintiff's Third Document Production Request" (Document No. 46) was filed on May 7, 2013, and based on the undersigned's ruling on the first two motions, should be denied as moot, even though it has not been fully briefed.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's

substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

### III.  DISCUSSION

#### A.  "Plaintiff's Motion For Extension Of Time…"

On April 1, 2013, Plaintiff filed a motion to extend the discovery deadline from April 15, 2013 to May 25, 2013.  (Document No. 37).  Plaintiff asserts that he received a "package" of information from Defendant on March 25, 2013, and that this package shows that Defendant benefitted from technology created by Plaintiff.  (Document No. 37, p.1).  Plaintiff seems to argue that additional discovery should be allowed based on his receipt of the package, because "[t]he Package should lead this litigation to more new evidence that shows Defendants' claim is not only a pretext, but also an intentional false statement."  Id.

Defendants note that the original discovery deadline in this case has been extended three (3) times for a total of five (5) additional months of discovery.  (Document No. 39, pp.3-4).  Defendants further note that Plaintiff did not submit his third set of requests for production of documents until March 28, 2013.  Id.  Defendants contend that "Plaintiff's Third Request For Production Of Documents…" (Document No. 39-1) is therefore untimely because it required responses weeks after the current discovery deadline of April 15, 2013.  Id.

Defendants also argue that the instant request for additional time should be denied because the discovery sought is not relevant to Plaintiff's discrimination claims.  (Document No. 39, p.7).  According to Defendants, the patent documents at issue "are merely routine documents which have no bearing on the challenged employment decision."  Id.

Under the circumstances, the undersigned is not persuaded that it is necessary or appropriate to allow another extension of the discovery period in this matter.  At this time, both

3

the discovery and dispositive motions deadlines have passed, and Defendants have timely filed a "…Motion For Summary Judgment" (Document No. 43).  Moreover, the undersigned is not persuaded that follow-up discovery on the "Synthetic Cold Adhesive" patent, filed December 22, 2011, is relevant to Plaintiff's allegations of discrimination in or about 2008-2010.  See (Document No. 1).

B.  **"Plaintiff's [Second] Motion To Compel…"**

Next, Plaintiff seeks to compel Defendants to comply with this Court's "Order" (Document No. 36) issued March 19, 2013.  In that Order, the undersigned granted in part and denied in part Plaintiff's first motion to compel.  Based on a careful review of the parties' briefs and attachments, the undersigned finds that Defendants have satisfied the Court's previous instructions to the best of their ability.  The undersigned may suspect, or wish, that there were more responsive documents to be produced, but he has not convinced the Court that Defendants are withholding discoverable information.  Moreover, Defendants' explanations for what has and what has not been produced, appear reasonable.  As such, the Court will decline to compel further action.

C.  **"Plaintiff's [Third] Motion To Compel…"**

Based on the foregoing, particularly the determination that the discovery deadline should not be extended, the undersigned will deny as moot "Plaintiff's Motion To Compel Defendants To Produce Documents Responsive To Plaintiff's Third Document Production Request" (Document No. 46).  The undersigned finds that the time for discovery has passed, and this matter is now ripe for adjudication by summary judgment and/or trial.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** "Plaintiff's Motion For Extension Of Time To Complete Discovery" (Document No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Compel Defendants To Comply With This Court's March 19, 2013 Order" (Document No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Compel Defendants To Produce Documents Responsive To Plaintiff's Third Document Production Request" (Document No. 46) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: May 9, 2013

David C. Keesler
United States Magistrate Judge